NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELVIN RAY LOVE., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-9, et al., <br><br> Defendants. | Civil Action No. 17-1036-BRM-DEA <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Kelvin Ray Love's Motion to Remand this action to the Superior Court of New Jersey, Law Division, Mercer County. (ECF No. 6.) Defendants Steven Johnson, Rev. W. Wilcox, George T. Hanuschik, and Mrs. Zimmerman[1] (collectively, "Moving Defendants") oppose the Motion. (ECF No. 7.) Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein, Love's Motion to Remand is **DENIED**.

I. **BACKGROUND**

Love is a prisoner currently incarcerated at the New Jersey State Prison and alleges claims against prison officials and employees of the New Jersey Department of Corrections, pursuant to 28 U.S.C. § 1983. (*See* Second Am. Compl. (ECF No. 1-1.)

---

[1] Moving Defendants are named exactly as they are identified in the Second Amended Complaint.

On August 17, 2015, Love filed his initial Complaint in New Jersey State Court. (ECF No. 7 at 2 and Docs. Relating to Ryan's Mot. to Dismiss (ECF No. 7-1) at 9.) No defendants were served with the initial Complaint. (ECF No. 7 at 2.) On January 4, 2016, Love filed an Amended Complaint. (*Id.*) Service of the Amended Complaint was only effectuated as to Ryan, but no Moving Defendants were served. (*Id.*) By the time Ryan sought representation from the Office of the Attorney General, the deadline to file a notice of removal had expired. (*Id.*) Therefore, the matter remained in New Jersey State Court. (*Id.*)

On October 14, 2016, Love filed a Second Amended Complaint. (*Id.* and ECF No. 7-1 at 9.) Ryan was served with the Second Amended Complaint, and on November 29, 2016, filed a motion to dismiss the Second Amended Complaint. (*See* ECF No. 6 at 1-2 and ECF No. 7 at 3.) On January 17, 2017, Moving Defendants were served with the Second Amended Complaint, and requested representation from the Office of Attorney General. (ECF No. 6 at 2 and ECF No. 7 at 3.) Defendant Christine Vaughan has yet to be served with the Second Amended Complaint. (ECF No. 6 at 6.) On January 23, 2017, the Superior Court of New Jersey granted Ryan's motion to dismiss her from the case for failure to state a claim with prejudice. (ECF No. 7-1 at 1-2.)

On February 15, 2017, Moving Defendants filed a Notice of Removal. (Not. of Removal (ECF No. 1).) Ryan, although dismissed with prejudice from the matter, consented to removal. (ECF No. 7 at 3.) On March 10, 2017, Love filed a Motion to Remand the matter back to New Jersey State Court. (ECF No. 6.) Moving Defendants oppose his Motion. (ECF No. 7.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove claims filed in state court to federal court. However, a plaintiff may challenge the removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)). A federal court may find that subject matter jurisdiction exists when there is either diversity of citizenship or a federal question is raised. *Jayme v. MCI Corp.*, 328 F. App'x 768, 770-71 (3d Cir. 2008). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am. Ins.*, 357 F.3d 392, 396 (3d Cir. 2004). Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

With respect to diversity of citizenship, complete diversity among opposing parties is required for a federal court to retain jurisdiction. *Carden v. Arkoma Assocs.*¸ 494 U.S. 185, 187 (1990). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Samuel-Bassett*, 357 F.3d at 396-403.

Under 28 U.S.C. § 1331, a federal court has original jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." Federal courts retain federal question

3

jurisdiction "only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute, or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme*, 328 F. App'x at 770 (internal citation omitted). Additionally, a federal court may retain jurisdiction over a complaint that raises only state law claims (assuming diversity jurisdiction does not exist) if those claims "arise under" and "necessarily raise" federal law. *Gunn v. Minton*¸ 568 U.S. 251, 257-58 (2013). In other words, state law claims "arise[] under" federal law when they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 258 (quoting *Grables & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 324 (2005).

### III. DECISION

Love does not challenge jurisdiction based on a lack of subject matter jurisdiction. (*See* ECF No 6.) Indeed, the Court has subject matter jurisdiction over this matter because Love is a prisoner alleging claims against prison officials and employees of the New Jersey Department of Corrections, pursuant to 28 U.S.C. § 1983. (ECF No. 1-1.) Instead, Love argues, removal was improper because it was untimely. (*Id.* at 1.) Specifically, he argues Moving Defendants' Notice of Removal is untimely because it should have been filed within thirty days of Ryan's service or within thirty days of Love's Amended Complaint, not Second Amended Complaint. (*Id.*) Love also argues Moving Defendants conspired with others to manipulate service for the "express purpose" of removing the case to federal court and to deny the New Jersey State Court of jurisdiction. (*Id.* at 2-6.) Moving Defendants argue removal was proper in this matter because it was effectuated within thirty days after the Moving Defendants were served with process.

4

(ECF No. 7 at 4.) They further argue Love's argument regarding Moving Defendants manipulation of service is entirely without merit. (*Id.*)

The "last served defendant" rule permits the last served defendant to remove the entire case within thirty days of service. *Bostrom v. N.J. Div. of Youth & Family Servs.*, No. 11–1424, 2011 WL 3684817, at *3 (D.N.J. Aug. 22, 2011). Pursuant to this rule, other defendants are permitted to consent to the later-served defendant's removal "even if their own removal periods have expired." *Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009); *see Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011) (stating that "an earlier-served defendant should not be precluded from joining in another defendant's notice simply because that defendant elected not to file a notice of removal").

In this case, Moving Defendants concede Ryan was served with the Amended Complaint and that her deadline to file a notice of removal expired. (ECF No. 7 at 2.) Nonetheless, Moving Defendants were only served with the Second Amended Complaint on January 17, 2017. (ECF No. 6 at 2 and ECF No. 7 at 3.) Therefore, Moving Defendants, being the last served, had until February 16, 2017, to timely file a notice of removal. Moving Defendants, therefore, met the timeliness requirement under 28 U.S.C. § 1446(b) because they filed the Notice of Removal on February 15, 2017, which was within the 30 day time period to remove.

Removal also requires unanimity among all defendants. *Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011) ("Removal requires unanimity—all defendants must join in a notice of removal in order for removal to be permissible.") (citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886)). Therefore, all defendants must either join in the notice of removal or otherwise give consent when there is more than one defendant in the case. *Levis v. Rego Co.*,

5

757 F.2d 66, 68 (3d Cir. 1985). However, the rule of unanimity does not apply: "(1) when the nonjoining defendant is a nominal party; (2) when the defendant has been fraudulently joined; or (3) when a defendant has not been served when the removing defendants filed their notice of removal." *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (citations omitted). A defendant is considered nominal if they are not connected to or have not engaged in the wrongdoing that is alleged in the complaint. *Michaels v. State of New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996).

This Court finds all properly served defendants unanimously joined in the petition for removal within thirty days of service. Here, Moving Defendants collectively filed the Notice of Removal. (ECF No. 1.) Thus, all Moving Defendants clearly consented to the removal. *See Pegasus Blue Star Fund. LLC v. Canton Prods., Inc.*, No. 08–1533, 2009 WL 331413, at *9 (D.N.J. Feb. 10, 2009) (earlier served defendants effectively joined in later-served defendant's petition by collectively filing a Notice of Removal). Christine Vaughan, a named defendant in the Second Amended Complaint, who has not consented to removal or joined in the petition for removal, has not been served. (ECF No. 6 at 6.) Therefore, the rule of unanimity does not apply to her. *Am. Asset Fin., LLC*, 821 F. Supp. 2d at 700.

Moreover, the rule of unanimity does not apply to Ryan, who nevertheless has allegedly consented to removal. Ryan is a nominal defendant because she was dismissed with prejudice from the action on January 23, 2017, and therefore the New Jersey State Court has determined she has not "engaged in the wrongdoing that is alleged in the complaint." *Michaels v. State of New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996); *see Parker v. Cty. of Oxford,* 224 F. Supp. 2d 292, 294 (D.Me. 2002) (concluding that case was not "removable" initially where some defendants did not consent to removal and that the case "did not become removable until the

6

nonconsenting Defendant was dismissed from the case"). Therefore, this matter was timely removed in accordance with 28 U.S.C. § 1446(b).

Lastly, Love's conspiracy argument is without merit. Love has failed to set forth any evidence to support his claim of conspiracy except his own assertions that Moving Defendants conspired with others to manipulate service for the "express purpose" of removing the case to federal court and to deny the New Jersey State Court of jurisdiction.[2] Accordingly, Love's Motion to Remand is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Love's Motion to Remand (ECF No. 6) is **DENIED**.

Date: November 28, 2017

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent Love's Motion asserts new allegations against various governmental entities that are not related to the removal of this action, the Court has not and will not address these alleged claims. In addition, Love's arguments regarding any claims against Ryan are moot because any claims against her were dismissed with prejudice for failure to state a claim. Therefore, the Court will not address these arguments. (ECF No. 6 at 2 and ECF No. 7-1.)