# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KELVIN RAY LOVE, | : | |
| | : | Civil Action No. 17-1036 (BRM)(DEA) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| JOHN DOES 1-9, et al., | : | |
| Defendants. | : | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Kelvin Ray Love ("Plaintiff"), upon the filing of second application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 40.) In a previous Order, the Court provided the relevant procedural history of this case:

> On February 15, 2017, Defendants George T. Hanuschik, Steven Johnson, W. Wilcox and Mrs. Zimmerman paid the required $400 filing fee and removed the instant civil rights action to this Court from New Jersey Superior Court. Because he was unable to effectuate service on certain other defendants from prison, Plaintiff filed a motion seeking the appointment of a New Jersey State Prison social worker to assist in the process. Magistrate Judge Douglas E. Arpert denied his motion, finding that while Federal Rule of Civil Procedure 4(c) requires the [United States] Marshal[s] Service [("Marshals")] effectuate service for a party with IFP status, Plaintiff had not filed an IFP application after removal. Therefore, the Court directed him to file an application within 30 days. Judge Arpert informed Plaintiff, in the event his application was denied, he would have 30 days to either complete service on his own or seek discretionary service by the Marshals. Plaintiff then filed an appeal of Judge Arpert's decision, which this Court denied.

(Jan. 22, 2018 Order (ECF No. 39)) (internal docket citations omitted).

On January 10, 2018, Plaintiff filed an IFP application. (ECF No. 36.) Because the certified six month account statement he provided was missing several pages, the Court denied his

application without prejudice. (ECF No. 39.) On February 15, 2018, Plaintiff provided the pending IFP application, which included a complete certified six month account statement. (ECF No. 40.) On March 27, 2018, Magistrate Judge Arpert permitted Plaintiff to file a Third Amended Complaint, which named the same defendants as the prior complaint, as well as Charles Warren and Imam Suluki, who were inadvertently previously dismissed from this action. (ECF No. 44.) Magistrate Judge Arpert ordered service by the Marshals on the Charles Warren and Imam Suluki. (*Id.*)

The Federal Rules of Civil Procedure require that a court order the Marshals to serve a summons and complaint if a plaintiff is authorized to proceed IFP. Fed. R. Civ. P. 4(c)(3). Even if a plaintiff does not have IFP status, the court may still order service by the Marshals at plaintiff's request. *Id.* As discussed above, Plaintiff filed an IFP application because he is seeking to have the Marshals serve his summons and Complaint on the remaining defendants, Christine Vaughan and twenty John Does. However, as Plaintiff himself acknowledged, it appears he has "three strikes" under the Prison Litigation Reform Act of 1995 and therefore would not be eligible for IFP status.[1] *See Love v. New Jersey Dep't of Correction*, No. 10-1714, 2011 WL 345964 (D.N.J. Jan. 31, 2011) (discussing the outcomes of Plaintiff's previous cases).

The law regarding "three-strike" plaintiffs in removal cases is unsettled. *See Camps v. Scholtz*, No. 17-1895, 2017 WL 3736663 (D.N.J. Aug. 30, 2017) (discussing same); *Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017). Consequently, because Plaintiff is only seeking IFP

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

status to procure service of his summons and Complaint by the Marshals, and because the Court retains the discretion to order such service even without IFP status, the Court need not reach this issue. Instead, in light of Plaintiff's status as an incarcerated individual with no financial resources, as evidenced by his financial affidavit, the Court will exercise its discretion and order the Marshals to effectuate service on the remaining defendants.[2] Fed. R. Civ. P. 4(c)(3).

**IT IS** it is on 13th day of April 2018,

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Marshals 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshals receive the USM-285 Forms from Plaintiff and the Marshals so alert the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshals shall serve summons and the Complaint to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 40) is hereby **DISMISSED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court will construe Plaintiff's previous submissions as a request to order discretionary service by the Marshals under Rule 4(c)(3).