UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELVIN RAY LOVE,<br><br>                        Plaintiff,<br><br>v.<br><br>JOHN DOES 1–9, *et al.*,<br><br>                        Defendants. | Case No. 3:17-cv-01036 (BRM) (DEA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Kelvin Ray Love's ("Plaintiff") Appeal (ECF No. 151) of Magistrate Judge Arpert's September 28, 2020 Order (the "Order") (ECF No. 146) denying Plaintiff's leave to supplement and/or amend the Fourth Amended Complaint ("Motion to Amend") (ECF No. 126). Defendants Charles Warren, Imam Rasoul Suluki, Bruce Davis, and Imam Jamal Elchebli (collectively, "Defendants") oppose the Appeal. (ECF No. 157.) Having reviewed the papers submitted by the parties and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Appeal is **DENIED** and Judge Arpert's Order is **AFFIRMED**.

**I.    BACKGROUND**

This case has a long and tortured procedural history as evidenced, in part, by the underlying motion to this Appeal – Plaintiff's motion to supplement and/or amend the Fourth Amended Complaint. (*See* ECF No. 126.) Therefore, the Court will only recount facts relevant for the purposes of the Appeal.

Plaintiff first initiated this action in the Superior Court of New Jersey, Mercer County on August 7, 2015. (*See* ECF No. 1; ECF No. 146 at 1.) Plaintiff amended his Complaint filed in state court twice: on January 4, 2016, Plaintiff filed the Amended Complaint (ECF No. 146 at 1) and on October 14, 2016, Plaintiff filed a Second Amended Complaint ("SAC") which added Defendants Hanuschik, Johnson, Wilcox, and Zimmerman (*see* ECF No. 1-1 at 2–3). After Plaintiff served Defendants Hanuschik, Johnson, Wilcox, and Zimmerman in the state court action, they removed the action to this Court on February 15, 2017. (*See* ECF No. 1.) In the SAC, Plaintiff alleged, among other things, deliberate indifference, retaliation, and violations of his First and Eighth Amendment rights for Defendants Hanuschik and Vaughan's refusal to provide Plaintiff Kosher foods. (*See* ECF No. 1-1 at 10.) On December 28, 2017, Plaintiff filed a motion to amend the SAC. (ECF No. 34.) While the proposed Third Amended Complaint ("TAC") (*see* ECF No. 45) was nearly identical to Plaintiff's SAC (*see* ECF No. 1-1),[1] Judge Arpert granted the motion on March 27, 2018 (ECF No. 44).

On April 17, 2018, Defendants Hanuschik and Zimmerman moved to dismiss Plaintiff's TAC because they claimed Defendants Johnson and Wilcox were no longer parties, and Defendants Warren and Suluki had yet to be served with process. (*See* ECF No. 54.) On July 18, 2018 and November 8, 2018, Plaintiff filed a Request for Default against Defendants Johnson and Wilcox and a Request for Default against Defendants Davis and Elchabi, respectively. (*See* ECF Nos. 67 and 73.) On August 9, 2018, the Clerk of the Court entered a quality control message regarding Plaintiff's Request for Default against Defendants Johnson and Wilcox, explaining that the request could not be granted "because the requested parties are no longer defendants in this

---

[1] The only differences were that Plaintiff removed Defendant Ryan as a named Defendant and replaced Defendants Wilcox and Johnson with Defendants Warren and Suluki. (*See* ECF No. 34.)

2

matter." On November 9, 2018, the Clerk of the Court entered another quality control message denying Plaintiff's Requests for Default against Defendants Davis and Elchabi "because the persons named are not parties in this case."

On November 26, 2018 and November 29, 2018, Plaintiff filed two Motions to Substitute Party. (ECF Nos. 74 and 75). In these motions, Plaintiff sought, pursuant to Federal Rule of Civil Procedure 25, to substitute "Jane Doe" for Defendant Christine Vaughan (ECF No. 74) and to substitute Defendants Davis and Elchabi for Defendants Johnson and Wilcox (ECF No. 75). On January 31, 2019, this Court granted Defendants Hanuschik and Zimmerman's motion to dismiss (ECF No. 54), denied Plaintiff's Motion to Strike (ECF No. 76), and granted Plaintiff's Motions to Substitute (ECF Nos. 74 and 75). (*See* ECF No. 82.)

On March 8, 2019, Plaintiff filed a motion to amend the TAC. (ECF No. 89.) Plaintiff's proposed Fourth Amended Complaint ("FAC") included several additional claims: First Amendment, Eighth Amendment, Fourteenth Amendment, Religious Land Use and Institutionalized Persons Act violations, a 42 U.S.C. § 1985(1) claim, and a malicious prosecution claim. (*See* ECF No. 104.) On July 15, 2019, Plaintiff filed a motion seeking leave to serve the State of New Jersey and the New Jersey Department of Corrections ("NJDOC"). (*See* ECF No. 101.) On September 13, 2019, Judge Arpert granted Plaintiff's motion to amend the TAC. (ECF No. 103.) On October 9, 2019, Judge Arpert denied Plaintiff's motion seeking leave to serve the State of New Jersey and the NJDOC "in any of his Complaints, including the operative Fourth Amended Complaint." (ECF No. 109 at 2.) On October 10, 2019, Plaintiff filed a motion seeking an extension for his deadline to serve Defendants Warren and Suluki. (ECF No. 110.) On October 24, 2019, Judge Arpert entered an order requiring that either the NJDOC file, *ex parte* and under seal, the last known addresses of Defendants Warren and Suluki or that the New Jersey Attorney

General agree to accept service on behalf of Defendants Warren and Suluki. (ECF No. 113 at 3.) On October 30, 2019, the last known addresses for Defendants Warren and Suluki were filed under seal. (ECF No. 114.)

On January 2, 2020, Plaintiff moved for an order revising Judge Arpert's order (ECF No. 113) to direct the NJDOC to provide the last known addresses of Defendants Christine Vaughan and Department of Corrections Commissioner, Marcus Hicks (ECF No. 121). The Court directed the NJDOC to provide the last known addresses for Defendants Vaughan and Hicks. (ECF No. 123 at 3.). On February 6, 2020, Plaintiff filed the Motion to Amend. (ECF No. 126.) On April 13, 2020, Defendants filed an opposition. (ECF No. 136.) On September 28, 2020, Judge Arpert issued a 36-page Order denying Plaintiff's Motion to Amend. (ECF No. 146.) On October 15, 2020, Plaintiff filed an Appeal of Judge Arpert's Order denying Plaintiff's Motion to Amend. (ECF No. 151.) On November 7, 2020, Defendants filed an opposition to the Appeal. (ECF No. 157.)

## II. LEGAL STANDARD

A district court may reverse a magistrate judge's determination of a non-dispositive issue[2] only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United*

---

[2] Motions to amend a complaint are considered non-dispositive. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998). A district court reviewing a magistrate's resolution of non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Marinac v. Mondelez Int'l, Inc.*, Civ. A. No. 2:14-7606, 2019 WL 1767345, at *1 (D.N.J. Apr. 22, 2019).

*States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. *See Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996). A district court, however, will review a magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Id.*; *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997) (providing that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in a case where the magistrate judge managed the case from the outset, and therefore, has a thorough knowledge of the proceedings. *Cooper Hosp.*, 183 F.R.D. at 127 (citing *Pub. Interest Rsch. Grp. v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir. 1995)); *Robinson, v. Horizon Blue Cross-Blue Shield of N.J.*, Civ. A. No. 12-2981, 2014 WL 3573339, at *1 (D.N.J. July 21, 2014).

## III.  DECISION

Plaintiff argues Magistrate Judge Arpert's Order denying Plaintiff's Motion to Amend should be reversed. (ECF No. 151 at 5 ("The Honorable Magistrate Judge (Court) misread, misconstrued and erred by not accepting as true 'all' factual allegations, 'all' reasonable inferences

permitted by my factual allegations and viewing them in a light less than most favorable to me.").) Specifically, Plaintiff alleges Judge Arpert impermissibly refused to permit Plaintiff to proceed against Vaughan and/or Hicks. (*Id.*) Plaintiff contends it was improper for Judge Arpert to assume Plaintiff knew or should have known Hicks was the Head of the New Jersey State Prison ("NJSP") Religious Issues Committee at times relevant to Plaintiff's allegations. (*Id.* at 5–6.) Plaintiff also contends the Mercer County Sheriff's Office "adamantly refused" to serve John/Jane Doe defendants in an effort to "fraudulently conceal" Hicks' identity from Plaintiff. (*Id.* at 6–8.) Additionally, Plaintiff argues Judge Arpert "failed" to address Plaintiff's request for "re-service" upon Vaughan. (*Id.* at 10.) Finally, Plaintiff argues Defendants Davis and Elchebli are liable for continuing to deny Plaintiff the Sunday Sabbath accommodations he requested from Defendants Warren and Suluki in 2012, and that Defendant "Jane Doe" is liable for continuing to provide him with a nutritionally deficient Kosher diet initiated by Vaughan. (*See id.* at 11–13.)

Defendants argue, *inter alia*, Plaintiff's Motion to Amend "demonstrated unprecedented degrees of undue delay, bad faith, and dilatory motive." (ECF No. 157 at 35.) Further, Defendants contend "Judge Arpert correctly found that Defendants would be prejudiced by the lapse of time, loss of witnesses, and fading of memories occasioned by further delays in the proceedings . . . [and] all of the new claims and allegations in Plaintiff's proposed Fifth Amended Complaint were futile." (*Id.*) Specifically, Defendants contend Plaintiff, who commenced this action more than five years ago, has "evinced zero intent to move forward with his claims, or to litigate those claims on their substantive merit. Instead, Plaintiff has engaged the State in an elaborate, time-consuming game of chess . . . and his only apparent motive is to extend, stall, and delay the proceedings as much as he possibly can." (*Id.* at 37.) Defendants contend the parties have not even begun discovery, nor have Defendants "even so much as filed an Answer, as Plaintiff has repeatedly filed

6

an amended pleading, and then move[s] for leave to amend his amended pleading before the time for a responsive pleading has expired." (*Id.* at 37–38.)

Here, the Court is persuaded by Judge Arpert's lengthy discussion of the facts and arguments of the parties and finds Judge Arpert carefully considered Plaintiff's Motion to Amend before he denied the motion. (*See generally* ECF No. 146.) Indeed, in his Order, Judge Arpert acknowledged:

> [w]hile there is a liberal policy favoring amendment, that is weighed against any delay, bad faith, dilatory actions, and unfair prejudice to Defendants[,] [t]he Court has certainly been liberal in the number of Amended Complaints Plaintiff has been permitted to file. This case has been pending for five years and Plaintiff's repeated amendments and substitutions of parties, at this point, have caused significant delay in the resolution of this dispute. The Court has yet to enter a Scheduling Order, and the parties have not engaged in discovery.

(*Id.* at 20–21.) Additionally, Judge Arpert concluded Plaintiff's "proposed Fifth Amended Complaint largely amounts to re-pleading allegations that could have been asserted in Plaintiff's four prior Amended Complaints." (*Id.* at 36.)

In the Order, Judge Arpert addressed each of Plaintiff's new claims against the existing parties before denying these claims. First, concerning Plaintiff's equal protection claims against Defendants Elchabi and Davis, Judge Arpert determined:

> [w]hile expanding allegations against existing Defendants is viewed by the Court more liberally, the Court finds that Plaintiff's undue delay in adding Defendants Elchabi and Davis outweighs the liberal policy of freely permitting amendment. Plaintiff does not explain why he waited until the proposed Fifth Amended Complaint to add these Defendants to the existing "Equal Treatment Violations" section of his Complaint. Absent undue delay, Plaintiff's claims against Defendants Elchabi and Davis are futile.

(*Id.* at 21.)

Second, concerning Plaintiff's § 1985 claims against Defendants Elchabi and Davis, Judge Arpert found "[o]n the face of the Fifth Amended Complaint, Plaintiff cannot demonstrate" the

7

elements of a § 1985 conspiracy claim are met. (*Id.* at 23.) Indeed, Plaintiff's allegations

> clearly do not show a conspiracy or an act in furtherance of that conspiracy. Plaintiff fails to demonstrate [] Defendants Elchabi and Davis agreed with other NJSP employees to discriminate against Plaintiff because of his religious beliefs. Further, Plaintiff fails to submit the injury that resulted from the alleged discrimination.

(*Id.*)

Third, concerning Jane Doe, Judge Arpert determined "Plaintiff's practice of adding new claims and/or parties indefinitely" runs contrary to Rule 15(d)'s[3] purpose "to allow for the swift adjudication of disputes." (*Id.* at 24.) "Nonetheless, even if the Court found no delay, Plaintiff's claims against Jane Doe are futile." (*Id.*)

Next, Judge Arpert addressed each of Plaintiff's new claims against new parties before denying these claims. First, concerning Plaintiff's claims against Hicks, Judge Arpert concluded:

> Plaintiff has had more than enough opportunities to name Mr. Hicks as a Defendant yet waited nearly eight years after the alleged incident giving rise to Plaintiff's claim to take action against Mr. Hicks. Further, because the events giving rise to Plaintiff's allegations against Mr. Hicks occurred in 2011 and 2012, these claims likely would have been barred by the two-year statute of limitations even if Plaintiff named Mr. Hicks in the original Complaint filed in 2015. Plaintiff does not assert facts suggesting that a tolling doctrine is applicable. As such, the claims are futile. Thus, the Court will not permit Plaintiff to add Mr. Hicks as a Defendant in this action.

---

[3] Judge Arpert discussed Rule 15 and its function which "provides a party with the mechanism to amend or supplement its pleadings." (*Id.* at 16.) Judge Arpert noted Rule 15(c) is employed "when a party seeks to add a new claim against an existing party or a new claim against a new party, but the statute of limitations has run on the claim. If the statute of limitations has not expired, the Court considers the amendment under Rule 15(a) or (b)." (*Id.*) A party may use Rule 15(d) when it "seeks to add claims or defenses based on facts that happened after the original pleading was filed. Pursuant to Rule 15(d), the Court has discretion to allow a party to serve a supplemental pleading, including allegations that occurred 'after the date of the pleading to be supplemented.'" (*Id.* at 17.) Importantly, the function of Rule 15(d) is to "serve[] judicial economy, avoid[] multiplicity of litigation, and promote[] as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleading are filed." (*Id.* at 18.)

8

(*Id.* at 27.)

Second, concerning Plaintiff's claims against Mercer County Sheriff's Office Deputies and John Doe with the initials "O.C.," Judge Arpert held:

> The Court will not permit Plaintiff to file new claims against the Deputies, S. Sanorski, S. Napierkowski, Niv. Napierkowski, and John Doe with the initials 'O.C.' as a supplemental pleading . . . [because] the events giving rise to Plaintiff's claims against the Deputies and Officer [O]C, accrued over two years ago. Plaintiff has failed to assert any facts showing that a tolling doctrine could apply to his claims. Thus, the claims against the Mercer County Sheriff's Office Deputies and John Doe with the initials [O].C. are futile.

(*Id.* at 29.)

Third, concerning Plaintiff's claims against the NJSP mailroom staff, Judge Arpert concluded such claims are "futile" because, among other reasons, "Plaintiff has not sufficiently alleged that the mailroom staff treated similarly situated inmates, who do not share Plaintiff's beliefs, differently. Rather, Plaintiff summarily alleges he was treated differently from similarly situated inmates." (*Id.* at 31.)

Fourth, concerning Plaintiff's claims against "Officers Martini, Monroe, and Blue," Judge Arpert concluded those claims are "futile" because Plaintiff's allegations of unequal treatment or discrimination are first, likely time-barred, and two, "*de minimus* at best." (*Id.* at 32–33.)

Fifth, concerning Plaintiff's claims against "John Doe(s) who distributed Plaintiff's indigent package," Judge Arpert found "[t]hese claims occurred six to seven years ago and are clearly barred under the applicable two-year statute of limitations. Plaintiff does not argue that any tolling doctrine applies." (*Id.* at 33.) Therefore, these claims are "futile." (*Id.*)

Sixth, concerning Plaintiff's claims against "John Doe, the Supervisor or Manager of the NJSP Infirmary," Judge Arpert concluded Plaintiff's claims are first, time-barred, and second, "Plaintiff's bare allegation does not demonstrate an agreement by the infirmary supervisor and

9

other NJSP employees to violate Plaintiff's federal civil rights." (*Id.* at 34.) Therefore, these claims are "futile." (*Id.*)

Seventh, concerning Plaintiff's claims against "J. and Z. Goodwin," Judge Arpert held:

> As previously stated, Plaintiff cannot continue to delay this action by adding new claims year after year against different prison employees. The purpose of Rule 15(d) is to allow for the *swift* adjudication of disputes. If the Court allows Plaintiff's practice of continually adding new claims and/or parties, that will certainly run contrary to Rule 15(d)'s purpose.

(*Id.* at 35.) Further, regardless of delay or prejudice, Judge Arpert concluded Plaintiff's claims are futile as "Plaintiff [] does not present any facts demonstrating that an actual injury, through the loss of a non-frivolous, arguable claim related to the alleged conduct of J. and Z. Goodwin." (*Id.*)

In conclusion, Judge Arpert found:

> Plaintiff's proposed Fifth Amended Complaint largely amounts to the repleading of prior allegations and alleging new, mostly time-barred claims. If permitted, the proposed amendment will unduly delay this case and prejudice Defendants. Lastly, the newly added claims in the proposed amendment fail to sufficiently state claims for relief.

(*Id.* at 36.)

In light of Judge Arpert's careful review of Plaintiff's Motion to Amend, this Court does not find Judge Arpert's decision was clearly erroneous or contrary to law, and therefore, affirms his ruling. *See, e.g.*, *E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (finding no abuse of discretion where the district court denied plaintiff's motion to amend, filed six months after the deadline, absent good cause and unexplained delay); *Arzadi v. Evanston Ins.*, Civ. A. No. 17-5470, 2021 WL 1712527, at *3 (D.N.J. Apr. 29, 2021); *Strategic Prod. & Servs., LLC v. Integrated Media Techs., Inc.*, Civ. A. No. 18-694, 2020 WL 5810561, at *3–4 (D.N.J. Sept. 30, 2020) (affirming denial of plaintiff's motion for leave to amend where the record reflected it "had

10

sufficient knowledge to assert claims . . . before the deadline [to amend] expired").

Accordingly, Plaintiff's Appeal is **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's Appeal of Judge Arpert's September 28, 2020 Order is **DENIED** and Judge Arpert's September 28, 2020 Order is **AFFIRMED**. An appropriate order follows.


**Date: May 26, 2021**　　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**