UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KELVIN RAY LOVE,

    Plaintiff,

v.

JOHN DOES 1-9, et al.

    Defendants.

Civil No. 17-1036 (ZNQ)(DEA)

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion by pro se Plaintiff Kelvin Ray Love. ECF No. 231. Distilled to its essence, Plaintiff's motion is one to compel discovery and for the imposition of sanctions for failure to provide discovery. Defendants oppose the motion. The Court heard oral argument on February 22, 2023. For the reasons below, Plaintiff's motion is denied.

**I. Background**

This is a civil rights action. Plaintiff's Fourth Amended Complaint first alleges that "[o]n or about Mar[ch] 2013 [he] was placed on 7-wing, 7-Right cell #15, Tier #3 to serve approx[imately] 365 days of Administrative Segregation [] time." Fourth Am. Compl. ¶ 8, ECF No. 104. Plaintiff claims that "[u]pon entering [his new cell he] noticed the smell of sewage and the rear metal wall directly over and affixed to the stainless[-]steel recessed toilet was streaked with reddish brown runnels of sewage waste water." *Id.* Plaintiff goes on to describe in further detail sewage in the cell, and further alleges that "sewage water flowed in and out again among the wiring of three connected electrical junction boxes in-line directly

1

over [his] head as [he] sat in the toilet." *Id.* Plaintiff contends that John Doe "officers and their supervising sergeants and lieutenants on all three 8-hour shifts (1st, 2nd[,] and 3rd) were completely indifferent to [the] serious health and safety conditions [in the cell]." *Id.* Plaintiff further alleges that it is his "belief that Cell #15 had been condemned as unfit for human occupation before [he] was placed inside." *Id.*

Plaintiff next alleges that he was discriminated against on account of his sincerely held religious beliefs. *Id.* ¶ 11. Specifically, Plaintiff asserts that he "must observe the seventh day Sabbath (day of rest)," and to properly do so, he must "observe a prohibition of not eating [] on the Sabbath [] foods prepared, cooked and[/]or served to [him] on the Sabbath." *Id.* It appears that in order to facilitate his alleged religious needs, Plaintiff requested a customized kosher diet whereby he would be given food on Saturday to store in his cell to eat on Sunday. *See Id.* ¶¶ 11–12. Plaintiff alleges Defendants would not permit him to store food in his cell, which he claims led to both a violation of his 14th Amendment rights and nutritional deficiencies. *Id.* ¶¶ 11–12.

Finally, Plaintiff alleges he was retaliated against for exercising his civil rights. *Id.* ¶ 24. Plaintiff alleges that sometime in 2013 or 2014 he requested to be placed in Protective Custody. *See id.* Plaintiff alleges he was denied Protective Custody and, thereafter, filed civil lawsuits "against [New Jersey State Prison ("NJCP")] employees" as a result of this decision. *See id.* Plaintiff also alleges that on May 20, 2015, he was moved to "Unit 1-Right" where he overheard a Unit Officer say "it doesn't matter [that Plaintiff was transferred to that cell] because [Plaintiff] will be in detention soon anyhow." *Id.* Shortly thereafter, on May 22, 2015, Plaintiff alleges that he elected a transfer to cell 4-C but was instead placed in a different cell. *Id.* When Plaintiff refused to enter the new cell to which he was reassigned, Plaintiff alleges

2

he was placed in detention. *See id.* This move to detention, Plaintiff alleges, interfered with his ability to pursue his Court cases, which Plaintiff alleges was intentional and retaliatory. *See id.*

## II. Plaintiff's Motion

The Court first addresses Plaintiff's request for an Order to Show Cause. Plaintiff seeks an Order to Show Cause requiring Defendants to show why they should not "be held in contempt of this Court for their failure to obey its [C]ourt [S]cheduling [O]rder." Pl.'s Mot. at 20–21. Plaintiff claims that Defendants violated a Court Scheduling Order by conducting Plaintiff's deposition on April 5, 2022. Pl.'s Mot. at 20. It appears that Plaintiff believes his deposition should have been conducted earlier in the discovery period. However, on March 9, 2022 the Court ordered that "[a]ll discovery, including the deposition of Plaintiff, must be concluded by April 14, 2022." ECF No. 222. It is well-established that parties may employ discovery methods, including depositions, in any sequence. Fed. R. Civ. P. 26(d)(3). The timing of Plaintiff's deposition was clearly in compliance with the Scheduling Order. Accordingly, Plaintiff's request for the Court to issue an Order to Show Cause is denied.

Next, Plaintiff moves the Court to compel certain discovery from Defendants. Plaintiff requests that the "Court assist [him] in gaining the true names and/or addresses … of all parties in this action designated as John/Jane Does." Pl.'s Mot. 3, ECF No. 231. Plaintiff also requests "the Court to direct the [D]efendants to supply the names and addresses of all John Doe parties in this action [] to the Court for service of process." *Id.* at 4.

Plaintiff served Interrogatories on Defendants in order to obtain this information. Plaintiff identifies eleven Interrogatory responses from Defendants that he alleges are

deficient for various reasons.[1] In addition to an Order compelling Defendants to provide this discovery, Plaintiff asks the Court to impose sanctions on Defendants for providing deficient discovery responses.

"The Federal Rules of Civil Procedure set forth a "liberal policy for providing discovery." *Hayes v. Bergus*, Civ. No. 13-4266, 2015 WL 5666128, at *2 (D. N.J. Sept. 24, 2015) (citing *Jones v. DeRosa*, 238 F.R.D. 157, 163 (D. N.J. 2006)); *see also Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) (finding that the Federal Rules of Civil Procedure "allow [for] broad and liberal discovery"). Specifically, Rule 26 "defines the bounds of relevant discovery." *Id.* (citing Fed. R. Civ. P. 26). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, Civ. No. 18-11273, 2022 WL 2116844, at *3 (D. N.J. June 13, 2022) (internal citation and quotations marks omitted) (*"*courts must determine if non-privileged matters are relevant and proportional to the needs of the case when analyzing motions to compel."). "While the scope of discovery under this Rule is broad, it is far from unlimited." *Kopacz v. Del. River and Bay Auth.*, 225 F.R.D. 494, 497 (D. N.J. July 21, 2004). "[T]he determination of relevance is [ultimately] within the discretion of the [d]istrict [c]ourt." *Occidental*, 2022 WL 2116844 at *3 (internal citation and quotations marks omitted); *Deibler v. San Medica Int'l, LLC*, Civ. No 19-20155, 2021 WL 6198062, at *4 (D. N.J. Dec. 30, 2021).

---

[1] Plaintiff frames much of his briefing through a "spoilation" argument. Plaintiff's spoilation arguments are essentially arguments for why the Court should compel further responses from Defendants. To the extent Plaintiff is arguing that any documents Defendants cannot provide is due to spoilation of formerly held documents by the NJDOC, Plaintiff provides no facts to support his claim that NJDOC at one time possessed relevant documents.

With respect to Interrogatory responses, "a responding party generally is not required to conduct extensive research to answer an interrogatory, [but] . . . must make a reasonable effort to respond." *Love v. N.J. Dep't of Corr.*, Civ. No. 15-4404, 2017 WL 3477864, at *4 (D. N.J. Aug. 11, 2017). "The responding party must respond 'to the fullest extent possible, stating any objections with specificity.'" Fed. R. Civ. P. (b)(3), (b)(4). "If the responding party does not have the information, he must describe the efforts undertaken to obtain it." *Love*, 2017 WL 3477864 at *4. The Court examines the Interrogatories at issue below.

    a.  <u>Interrogatories 1, 2, 4, 5, 9 and 10.</u>

Generally speaking, these interrogatories seek the identities of various Corrections Officers and other prison staff. Plaintiff argues that "Defendants' Partial Response to Plaintiff's Interrogatories are incomplete, evasive, deceptive, [and] irrelevant." Pl.'s Mot. at 10. Specifically as to Interrogatories 1, 2, 9, and 10, Plaintiff argues that Defendants' responses are "prejudicial and without merit" and that the Court should compel Defendants to fully answer because without an answer Plaintiff cannot identify the John Doe Defendants in this case. *Id.*

Interrogatories 1 and 2 seek the names and addresses of Corrections Officers who worked particular shifts over a five-month period nearly a decade ago in 2013. Defendants, notwithstanding their objections to this Interrogatory, have submitted a Certification stating that they conducted a search for responsive material but were unable to locate any of the information requested. *See* ECF 232-2 (Certification of Edward Haas, Esq.). Interrogatories 9 and 10 similarly seek the names and addresses of staff responsible for preparing and distributing meals during particular shifts during that same five-month period in 2013. Defendants again certify that while they object to the Interrogatories, they conducted a search

5

for responsive information, and none could be located. *Id.* As the Court is satisfied that Defendants conducted the appropriate inquiry in an attempt to ascertain decade-old information, and the Court cannot compel Defendants to produce material that they do not have, Plaintiff's motion is denied as to Interrogatories 1, 2, 9, and 10.

Turning to Interrogatories 4 and 5, these requests seek the names of Corrections Officers who were involved in moving Plaintiff to different cells on two dates in May 2015. Plaintiff appears to be arguing, with no factual support, that documents identifying the individuals referred to in these Interrogatories either once existed or are likely to exist, and Defendants have not been forthcoming with the requested information. *See* Pl.'s Mot. at 10–14. As such, Plaintiff argues that sanctions should be imposed on Defendants for their lack of responsiveness or, alternatively, because Defendants failed to retain documents they otherwise should have retained. *Id.*

Interrogatory 4 seeks the names of the officers who moved Plaintiff from one cell to another on May 20, 2015. Defendants state that they conducted a search for the information sought by Plaintiff but could not ascertain the identities sought by Interrogatory 4 because Plaintiff's cell transfer on May 20, 2015 was routine and, thus, no documentation recorded the names of the officers involved in this transfer. According to Defendants, New Jersey State Prison has provided Plaintiff with the shift schedule for the relevant housing units on May 20-22, 2015, but the shift schedule does not state which staff members on duty actually conducted Plaintiff's transfer. ECF No. 232-2.

Interrogatory 5 similarly requests the identities of the officers who moved Plaintiff two days later on May 22, 2015. Defendants similarly argue that there exists no record of which specific officers were involved in the transfer of Plaintiff on that date. As noted,

6

Defendants have provided Plaintiff with a shift schedule from the relevant timeframe. Also, in response to Interrogatory 5 Defendants have identified six prison officials who interacted with Plaintiff on May 22, 2015 as a result of a disciplinary charge Plaintiff received. A copy of the disciplinary charge has also been provided to Plaintiff.

Overall, Defendants contend that they have provided all materials and/or names they have in their possession in response to Interrogatories 4 and 5. Defs.' Opp'n at 5–6.  Once again, the Court is satisfied that Defendants conducted the appropriate inquiry in an attempt to ascertain responsive information, and the Court cannot compel Defendants to produce material that they do not have. Thus, Plaintiff's motion is denied as to Interrogatories 4 and 5.

  b. Interrogatories 8 and 14

Interrogatory 8 asks for the disciplinary history of the officers identified in Interrogatories 1, 4, and 5. Interrogatory 14 seeks the "rank, race and religious affiliations" of the personnel identified in Interrogatories 1, 4, 5, and 9. Clearly, the answers to Interrogatories 8 and 14 are contingent on the identification of the prison personnel referenced in Interrogatories 1, 4 and 5. Defendants were unable to provide that identification and the Court found no grounds to compel further response to those Interrogatories. The Court, therefore, similarly finds there is no basis to compel further response to Interrogatories 8 and 14.

Further, to the extent that Defendants could identify specific individuals, the Court sustains Defendants' objections to these Interrogatories. Interrogatory 8 it is overly broad. This Interrogatory seeks the entire disciplinary history of certain prison personnel. Included in its broad scope are disciplinary records that could have no conceivable connection to this this case.

As to Interrogatory 14, Plaintiff has failed to show that the "race and religious affiliations" of prison personnel has any relevance to the claims or defenses in this case. As such, Plaintiff's motion as to Interrogatories 8 and 14 is denied.

    c.   Interrogatory 6

Interrogatory 6 seeks a list of "any and all cells at NJSP that had/have been declared contaminated and logged/documented into official/unofficial records" between January 28, 2013 and the present date. Ex. to Pl.'s Mot. at 4. Defendants object to this Interrogatory and argue in their briefing that "Plaintiff's request is vague and does not specify what is meant by 'contaminated.'" Defs.' Opp'n at 9. Defendants specify that "Plaintiff's request may refer to any number of contaminants: cells where people contracted COVID-19; cells that were not cleaned properly; cells where mold is growing; or cells where mice or other pests have been present." *Id.* Defendants argue that this Interrogatory is vague and encompasses information not relevant to this matter.

The Court agrees that Plaintiff's request in Interrogatory 6 is vague, or alternatively, overly broad. Plaintiff is seeking a list of all cells declared "contaminated" over an almost ten-year period. Defendants correctly point out that it is unclear what Plaintiff means by "contaminated," and if Defendants interpreted Plaintiff's request to include any and all possible definitions of "contaminated", such request by Plaintiff would be overly broad given the requested ten-year time period. For these reasons, Plaintiff's motion to compel further response from Defendants as to Interrogatory 6 is denied.

    d.   Interrogatory 19

Interrogatory 19 appears to seek information as to whether the NJDOC allows inmates to customize special diets where necessary. Ex. to Pl.'s Mot. 6–7. Defendants object to

Plaintiff's Interrogatory 19, in pertinent part, because it "lacks sufficient definition to permit a meaningful response" and "it uses terms which have not been defined", rendering it vague. Defendants also have partly responded to Interrogatory 19 (as they understood it) stating, "the special, 'customized' dietary request made by Plaintiff in this case was denied in part because it is not safe, sanitary, or logistically feasible." *Id.*

The Court again agrees with Defendants. Plaintiff's Interrogatory 19 is vague as it is unclear what Plaintiff means by the terms "customizing", "allowances", "special" and "necessary." Even if Defendants were to interpret Interrogatory 19 as ascertaining if any other inmates receive customized, special meal-plans based on the inmate's own assessment that such meal plan is a religious or health necessity, it is unclear what further response Defendants could offer other than the response already provided. For these reasons, Plaintiff's motion to compel a further response from Defendants as to Interrogatory 19 is denied.

    e. Interrogatory 20

Interrogatory 20 asks "[i]f the answer to [Interrogatory 19] above is yes, please list any and all laws, documents, statutes, or legal precedent(s) referenced by you and or your designee in giving your response." Ex. to Pl.'s Mot. at 7. Defendants object to Plaintiff's Interrogatory 20 arguing, (1) that no affirmative response was given to Interrogatory 19, and therefore no response is needed, and (2) Plaintiff's Interrogatory 20 seeks protected information.

The Court agrees with Defendants that inasmuch as an affirmative answer was not given for Interrogatory 19, no further response is required for Interrogatory 20. For these reasons, Plaintiff's motion to compel further response from Defendants to Interrogatory 20 is denied.

### III.  Conclusion and Order

For the reasons above, Plaintiff's motion to compel discovery, for an Order to Show Cause, and for the imposition of sanctions is denied. Accordingly,

IT IS on this 27th day of February 2023

**ORDERED** that Plaintiff's motion (ECF No. 231) is DENIED and it is further

**ORDERED** that fact discovery is complete; and it is further

**ORDERED** that dispositive motions are to be filed no later than **April 21, 2023;** and it is further

**ORDERED** that if no dispositive motions are filed, Plaintiff is to submit his Pretrial Memorandum to the Honorable Douglas E. Arpert, U.S. Magistrate Judge and to Defendants' counsel by May 15, 2023. Defendants' counsel shall incorporate Plaintiff's Pretrial Memorandum into Defendants' Pretrial Memorandum, and same shall be submitted to the Honorable Douglas E. Arpert, U.S. Magistrate Judge by June 15, 2023 . Copies of all Pretrial Memoranda shall be served on opposing counsel/*pro se* litigant.  **The Pretrial Memoranda are not to be filed on CM/ECF by the parties.**[2]

　　　　　　　　　　　　　　　　　　　　　　　　　*s/ Douglas E. Arpert*
　　　　　　　　　　　　　　　　　　　　　　　　　DOUGLAS E. ARPERT
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---terminates ECF No. 231

---

[2] Instructions for completing the Pretrial Memorandum were provided to the parties with the Court's Amended Pretrial Scheduling Order filed on November 6, 2020. ECF No. 156.